# BALTIMORE CITY COURT

Filed June 16, 1891.

EDWARD N. MATHEWS AND ISAAC H. SHIRK
VS.
THE NATIONAL BANK OF BALTIMORE, GARNISHEE OF WILLIAM T. DAVIDSON.

*Benjamin F. Horwitz* for plaintiffs.

*James P. Gorter* and *A. Robinson White* for motion to quash.

HARLAN, C. J.—

The jury were sworn in this case on March 2, 1891; on March 3, 1891, the plaintiff submitted to a judgment of non pros., and on March 25th, 1891, an attachment on the judgment for the defendant's costs, which had been duly taxed by the clerk, $17.50, was issued by order of defendant's counsel, and the same day laid in the hands of the National Bank of Baltimore as garnishee. On March 26th, 1891, the plaintiff paid to the clerk all the costs and now moves to quash attachment, "because the defendants when they cause the attachment to be issued, had not laid out and expended the sum of $17.50, as stated in the writ of attachment or any part thereof." The writ of attachment recites, "Whereas, at a sitting of the Baltimore City Court, begun and held at the Court House in said city on the second Monday of January, 1891, a certain Edward N. Mathews and Isaac H. Shirk, by judgment of said Court recovered against a certain William T. Davidson, late of Baltimore City, the sum of $17.50, which was then and there adjudged unto the said Edward N. Mathews and Isaac H. Shirk, for their costs and charges by them about their suit in that behalf laid out and expended, whereof the said William T. Davidson is convict as of record in manifest; therefore you are commanded to attach, &c."

By our law (Code 1888, Art. 9, s. 28) any plaintiff having a judgment in any Court of law or equity may "instead of any other execution" issue an attachment against the lands, tenements, goods, chattels and credits of the defendant. The writ so issued is placed on the same footing, perform the same office and is governed by the same rules as a fi. fa. First National Bank vs. Jaggers, 31 Md. 48. And it is well settled that a motion to quash an execution is not an appropriate or an admissible mode of bringing under review

the errors or irregularities that may exist in the judgment upon which the execution issued unless the judgment be utterly void; Schultze vs. State, 43 Md. 305. If there be such a judgment as is recited in this writ, and the Court had power to render it, it is clear that the motion to quash the attachment must be overruled, because it is not open to the plaintiff in this way to question the correctness of the sum for which the judgment was rendered, or to deny the recitals of the same.

"The awarding of costs is the act of the Court, their taxation or computation according to the list of fees prescribed, is a duty imposed by law upon the clerk, subject to the supervision of the judge." Mayor, &c, vs. County Commissioners, 19 Md. 564.

When costs have been awarded, and the costs duly taxed by the clerk, it would seem, therefore, that the judgment for costs becomes a judgment for an ascertained sum, and unless this judgment is *directly* impeached by some appropriate proceeding, such a motion to review the taxing or to strike out or correct the judgment, it is like any other judgment conclusive and binding upon the parties. There can be no doubt about the power of the Court to give and the right of the defendant to have judgment for his costs, where the plaintiff has submitted to a non-pros.; 23 Hen. 8 Chap. 15; 4 Jac. 1 Cap. 3; Alexander's British Statutes p. 288 and p. 433, &c; 2 Archibald's Practice, p. 285; 1 Tidd Practice 460; Evans Practice, 2, 315; Poe's Practice, Sec. 235, 362.

The memorandum upon the docket is simply "judgment of non-pros" and the costs are noted by the clerk upon the margin, but when a record is made up this entry is filed up substantially according to the old forms, for which see 2 Harris Entries, p. 125, &c. When the plaintiff does not answer after the jury are sworn the form runs thus, "Therefore, it is considered by the Court here that the said P. take nothing, &c., and it is further considered by the Court here that the said D. recover against the said P. the sum of —— for his costs and charges by him about his de-

fense in this behalf expended, unto the said D. by the Court here with his assent adjudged, according to the form of the Statute in such case made and provided, and that the said D. have thereof his execution, &c."

Instead of the words "in this behalf expended" other of these forms indifferently use "in this behalf sustained"; but it will be noted that all give an immediate execution. If any argument could be drawn from the use of these words in the forms it would be that only those costs should be taxed and included in the judgment which had already been expended, not that the defendant should not have process of execution to recover the amount as ascertained and adjudged to him. Where costs are regularly taxed it is clear, I think, that execution for them is a matter of course. Tidd Law of Costs, p. 76.

This would seem to dispose of the present motion, but I have been at some trouble to ascertain if there is any authority for holding that where there is judgment for costs, the costs which should be taxed and for which execution should go, are to be confined to what may be called "costs out of pocket," and I will add, that I have been unable to find any.

The expression, "Costs and charges about his defense in this behalf expended" in the *postea* is a form which seems to have come down to us from the time when the plaintiff had to purchase his original writ, and Court officers could demand pre-payment of fees as a condition of rendering service, and even witnesses were not bound to appear unless their reasonable expenses were tendered to them, or appearing to give evidence till such charges were actually paid (3 Blackstone's Com. p. 369). In those days it was not unappropriate to apply to the sum allowed "for costs and charges" the further description "about his suit in this behalf *expended*."

But in the Court of Queen's Bench in 1854, in Dooly vs. Great Northern Ry. Co., 4 El. and Black 342, where a plaintiff suing *in forma pauperis* had re-

covered 1501, and the Judge had ordered that she should have costs and the judgment had been entered in the usual form so that she was entitled to have from the defendant "her costs and charges by her about her suit in this behalf expended," and the question was, on a rule to review the master's taxation, as to what she was entitled to recover, Wightman, J., said,

"It may be too narrow a construction to limit it to money actually paid before the judgment and the words are fully satisfied by holding it to embrace all that the plaintiff *has paid or has become liable to pay in consequence of the defense.*" This I take to be the true and reasonable doctrine in assessing costs. Each party is, primarily, liable for his own costs. Calwell vs. Jackson, 7 Cranch 277. So far as the clerk is concerned, while not entitled with us to demand prepayment, he is given a summary remedy to recover the fees due him from each party, respectively. Code, Art. 36, s. 3, Logan vs. State, 39 Md. 191. Witnesses receive a certificate in the form of an order of Court directing the party by whom they were summoned to pay the amount allowed for attendance and itinerant charges, and at one time this order could be enforced by attachment as for contempt upon non payment; 2 Harris Entries, p. 11.

The liability being of this absolute character I see no good reason why he who has been the cause of its existence should not furnish the other with the means of meeting it, or why it is any concern of the former that the latter has not already paid out the sums for which he has made him responsible. The suggestion that to allow an execution before payment of costs, would put it in the power of a dishonest defendant to collect and pocket the money without paying the clerk, is balanced, I think, by the recollection that the other rule might deprive a poor and honest suiter from realizing the fruits of his judgment, and at one time, when imprisonment for debt yet existed, might have subjected him to incarceration for a debt incurred in resisting the unjust demand made upon him in the suit without the opportunity to call upon the other to furnish the means by which he could secure his release.

The motion to quash the attachment will be overruled.